**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSEMARY PEREZ,<br><br>                   Claimant,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                   Defendant. | Civil Action No.: 2:14-cv-5551 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

**I.     INTRODUCTION**

Before the Court is Claimant Rosemary Perez's appeal ("Claimant") seeking review of a final determination by the Commissioner of the Social Security Administration ("Commissioner") denying her application for supplemental security income ("SSI") under § 1614(a)(3)(A) of the Social Security Act ("SSA"). For the reasons set forth below, this Court affirms the Commissioner's decision.

**II.    BACKGROUND**

    **A.     Factual Background**

Claimant was born on January 15, 1988 and, in 1993, was diagnosed with kidney vascular anomaly. Tr.[1] at 15, 60. Claimant received a kidney transplant from her brother in 2000. Id. at 15, 439, 441, 499. Following the transplant, Claimant developed diabetes, which was managed initially with oral medication and later with insulin. Id. at 15, 499-500.

Claimant complains of anxiety and panic attacks. Id. at 499. She associates her anxiety

---

[1] "Tr" refers to the certified record of the administrative proceedings. ECF No. 6.

with travelling long distances and going on airplanes. Id. at 99, 499. In describing its severity, Claimant stated her daily anxiety was at a level three (with one being the lowest and ten being the highest). Id. at 499. She described her panic attacks as occurring sporadically. Id. Psychiatric Social Worker Jacqueline Razzano diagnosed Claimant with having a panic disorder without agoraphobia. Id. at 500.

After graduating from high school in 2007, Claimant attended Berkeley College for one year, studying fashion. Id. at 100-01, 121-22, 581, 586, 592. Following her time at Berkeley, Claimant attended Middlesex County College part-time, studying photography. Id. at 442, 499, 581.

**B.    Procedural Background**

There are three Administrative Law Judge ("ALJ") decisions at issue in this appeal: (1) the July 19, 2010 decision of ALJ Joel H. Friedman denying Claimant's application for child disability benefits; (2) the July 22, 2013 decision of ALJ Leonard Olarsch declining to reopen ALJ Friedman's July 19, 2010 decision; and (3) the January 29, 2014 decision of ALJ Leonard Olarsch denying Claimant's application for SSI.

Claimant received SSI benefits as a child. Id. at 60. As required by law, eligibility for benefits was re-determined under the rules for determining disability in adults when Claimant reached age eighteen. Id. The agency determined Claimant was no longer disabled as of May 1, 2008 and ceased benefits. Id. The State agency disability hearing officer upheld the cessation of benefits after a disability hearing on June 12, 2009. Id.

On June 12, 2008, Claimant filed an application for child disability benefits,[2] alleging disability beginning January 1, 1994. Id. The claim was denied initially and upon reconsideration on October 29, 2009. Id. On November 20, 2009, Claimant filed a written request for a hearing. Id. Claimant did not appear at the hearing, stipulating to the ALJ deciding the case in her absence. Id. On July 19, 2010, in the first decision at issue in this case, ALJ Friedman denied Claimant's June 12, 2008 application for child disability benefits, concluding Claimant was not disabled under §§ 223(d) and 1614(a)(3)(A) of the SSA. Id. at 67. Claimant did not request Appeals Council review of ALJ Friedman's decision.

On June 24, 2010, Claimant filed another application for SSI, alleging disability beginning January 15, 2008. Id. at 12. The claim was denied initially on October 19, 2010, and upon reconsideration on July 5, 2011. Id. On June 19, 2013, Claimant testified via telephone at a hearing before ALJ Olarsch, after she allegedly had a panic attack causing her to miss her previously scheduled May 16, 2013 hearing. Id. Tanya M. Edghill, a vocational expert ("VE"), appeared and testified at the hearing. Id. Claimant was represented by James Langton, an attorney. Id. Mr. Langton appeared on both scheduled dates—May 16, 2013 and June 19, 2013. Id.

On both the initial May 16, 2013 date and at the June 19, 2013 hearing, Mr. Langton argued ALJ Friedman's July 19, 2010 decision should be reopened based on new and material evidence. Id. Specifically, Mr. Langton argued that although that decision was dated in 2010, ALJ Friedman

---

[2] Social Security regulations treat disabled adult children as one category of children entitled to benefits on the earnings record of a wage earner parent. For an adult child to be entitled to child disability benefits under a parent's Social Security earnings record, the parent must be deceased or receiving disability or retirement benefits and the adult child must be unmarried, age 18 or older, and have a disability that commenced prior to age twenty-two. 20 C.F.R. § 404.350.

3

did not utilize any evidence after 2008. Brief in Support of Plaintiff Rosemary Perez ("Pl. Br."), ECF No. 10 at 3. Mr. Langton argued because Claimant was unrepresented and did not attend the hearing, ALJ Friedman was required to independently obtain evidence from 2009 and 2010, which showed multiple instances where Claimant was hospitalized for panic attacks. Id. at 3-5. After the hearing, Mr. Langton submitted a brief in support of the request to reopen ALJ Friedman's decision. Tr. at 12.

On July 22, 2013, in the second decision at issue in this case, ALJ Olarsch issued an order of dismissal, denying Claimant's request to reopen ALJ Friedman's July 19, 2010 decision, pursuant to the doctrine of administrative res judicata. Id. at 40 ("The doctrine of res judicata applies when the Social Security Administration has made a previous determination or decision regarding the same facts and on the same issue or issues and the determination or decision has been final by either administrative or judicial action. The prior ALJ has already determined that the claimant did not suffer from a severe mental impairment before the age of 22. Even with the new evidence, I do not find any reason to disturb that determination." (internal citations omitted)).

On January 29, 2014, in the third decision at issue in this case, ALJ Olarsch denied Claimant's June 24, 2010 application for SSI, concluding Claimant was not disabled under § 1614(a)(3)(A) of the SSA. Id. at 23. Claimant requested review of both of ALJ Olarsch's decisions and the Appeals Council denied the requests on July 2, 2014. Id. at 1-7, 386-89. The Appeals Council found (1) ALJ Olarsch's January 29, 2014 decision was the final decision of the Commissioner as to Claimant's application for SSI for the period from July 1, 2010 to January 29, 2014; and (2) ALJ Friedman's July 19, 2010 decision, which ALJ Olarsch declined to reopen, controlled Claimant's previous claim for child disability benefits. Id. at 1. On September 5, 2014,

Claimant instituted this action. ECF No. 1.

### III. LEGAL STANDARD

#### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. Chandler v. Comm'r Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011); see also 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Chandler, 667 F.3d at 359 (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" Daniels v. Astrue, No. 4:08-CV-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. Cruz v. Comm'r of Soc. Sec., 244 F. App'x 475, 479 (3d Cir. 2007) (citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)).

#### B. Determining Disability

Pursuant to the SSA, to be eligible for benefits a claimant must show she is disabled by

5

demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the claimant's age, education, and work experience, disability will be evaluated by the claimant's ability to engage in her previous work or any other form of substantial gainful activity existing in the national economy. Id. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for these purposes only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work, but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." Id. § 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000) (citing Heckler v. Campbell, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382a(3)(D).

### C.   Sequential Evaluation Process

The SSA follows a five-step, sequential evaluation to determine whether a claimant is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in gainful activity. Sykes, 228 F.3d at 262. Second, if she is not, the ALJ determines whether the claimant has an impairment that limits her

ability to work. Id. Third, if she has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. Id. If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of her impairment. Id. at 263. Fourth, the ALJ must consider whether the claimant's RFC is enough to perform her past relevant work. Id. Fifth, if her RFC is not enough, the ALJ must determine whether there is other work in the national economy the claimant can perform. Id.

The evaluation continues through each step unless it is determined at any point that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. Sykes, 228 F.3d at 263. Neither party bears the burden at step three. Id. at 263 n.2.

## IV.   DISCUSSION

Claimant makes the following arguments in support of her contention that ALJ Olarsch's decision should be reversed: (1) ALJ Olarsch's July 22, 2013 order of dismissal declining Claimant's request to reopen ALJ Friedman's July 19, 2010 decision was an abuse of discretion; and (2) ALJ Olarsch's January 29, 2014 decision denying Claimant's application for SSI was not supported by substantial evidence. The Court will address each argument in turn.

### 1.   ALJ Olarsch's July 22, 2013 Order of Dismissal Declining to Reopen ALJ Friedman's Prior Decision

In connection with her June 24, 2010 application for SSI, Claimant requested ALJ Olarsch reopen ALJ Friedman's July 19, 2010 decision denying Claimant's application for child disability

benefits on the basis of new and material evidence. On July 22, 2013, ALJ Olarsch issued an order of dismissal, declining to reopen ALJ Friedman's decision, pursuant to the doctrine of administrative res judicata. Claimant now argues ALJ Olarsch abused his discretion by declining to reopen ALJ Friedman's prior decision.

Claimant argues ALJ Olarsch should have granted her request to reopen ALJ Friedman's prior decision because (1) ALJ Friedman disregarded the enhanced duty he owed Claimant as an unrepresented individual; and (2) ALJ Olarsch was presented with new and material evidence not before ALJ Friedman. Pl. Br. at 3-7. This Court does not have jurisdiction to review ALJ Olarsch's July 22, 2013 order of dismissal.

As a general matter, federal courts lack subject matter jurisdiction to review dismissals based on administrative res judicata. See Califano v. Sanders, 430 U.S. 99, 108-09 (1977) (finding that 42 U.S.C. § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing'"). Under 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ." Id. § 405(g) (emphasis added). Thus, judicial review is limited to a "final decision of the [Commissioner] made after a hearing." Califano, 430 U.S. at 108 (quoting 42 U.S.C. § 405(g)). The authority to determine what constitutes a "final decision" rests with the Commissioner "to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 766 (1975).

Because ALJ Olarsch dismissed Claimant's request to reopen ALJ Friedman's decision based on administrative res judicata, ALJ Olarsch never issued a judicially reviewable "final

decision." The regulations provide that an ALJ may dismiss a request for a hearing, and therefore decline to issue a "final decision," based on the doctrine of administrative res judicata. 20 C.F.R. § 404.957(c)(1) ("The doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action.").

ALJ Friedman's July 19, 2010 decision became administratively final after the time to seek Appeals Council review expired. Because Claimant's request to reopen ALJ Friedman's administratively final decision involved the same facts and issues as her earlier application for child disability benefits, ALJ Olarsch determined the doctrine of administrative res judicata applied. ALJ Olarsch examined the evidence submitted by Claimant in connection with her request to reopen as well as ALJ Friedman's prior decision, and determined there was no new or material evidence demonstrating good cause to reopen ALJ Friedman's prior decision.

Claimant requested Appeals Council review of ALJ Olarsch's order of dismissal. The Appeals Council denied Claimant's request on July 2, 2014, Tr. 1-7, thereby making ALJ Olarsch's July 22, 2013 order of dismissal the Commissioner's determination on Claimant's request to reopen ALJ Friedman's July 19, 2010 decision. See 20 C.F.R. § 404.959 ("The dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council."); see also Melloy v. Shalala, Civ. A. No. 94-1375, 1994 WL 689963, at *4 (E.D. Pa. Dec. 7, 1994) ("Califano established the proposition that there is no federal court jurisdiction to review a refusal to reopen a disability claim." (citing Califano, 430 U.S. at 99)).

Thus, this Court lacks subject matter jurisdiction to review ALJ Olarsch's order of

9

dismissal declining to reopen ALJ Friedman's decision because that order is not a judicially reviewable "final decision" within the meaning of the SSA and, therefore, does not satisfy the requirements of 42 U.S.C. § 405(g). See Califano, 430 U.S. at 108-09.

Further, to the extent Claimant is asking this Court to review ALJ Friedman's prior decision, this Court also lacks jurisdiction. Claimant never sought Appeals Council review of ALJ Friedman's July 19, 2010 decision and, therefore, Claimant never exhausted her administrative remedies or obtained a judicially reviewable "final decision after a hearing." 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5). Because Claimant did not exhaust the administrative process after ALJ Friedman's July 19, 2010 decision, any claims pertaining to that decision must be dismissed for lack of jurisdiction.

### 2. ALJ Olarsch's January 29, 2014 Decision Denying Claimant's Application for SSI

Claimant argues that ALJ Olarsch's January 29, 2014 decision should be reversed because neither his step three nor step five assessment is supported by substantial evidence.

#### i. Summary of ALJ Olarsch's Findings

At step one, ALJ Olarsch found Claimant met the insured status requirements of the SSA and has not engaged in substantial gainful work activity since the application date. Tr. at 14. At steps two and three, ALJ Olarsch found Claimant's impairments were "severe," but not severe enough to meet, either individually or in combination, any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. Id. at 14-15. ALJ Olarsch determined Claimant has the following severe impairments: "panic attacks; diabetes mellitus type II; and status/post kidney transplant May 23, 2000," but no impairment meets the requirements for medical listing 6.00, 9.00, or 12.06.

Id. Additionally, ALJ Olarsch noted while there were references to anemia in the record, there was no vocational limitation associated with that condition and Claimant's testimony showed that such condition was not severe. Id. at 14.

ALJ Olarsch concluded Claimant has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) limited to simple, routine, repetitive tasks; involving simple work-related decisions, few workplace changes, and only occasional interaction with supervisors, coworkers, and the general public. Id. at 16. ALJ Olarsch added an additional limitation: Claimant will require one absence per month and is capable of being on task for 51 minutes of an hour. Id. To make this conclusion, ALJ Olarsch considered all symptoms and their consistency with the evidence.

Specifically, ALJ Olarsch carefully considered the medical and other evidence and determined Claimant has both exertional and nonexertional limitations. Id. at 16-21. With respect to Claimant's exertional limitations, ALJ Olarsch noted Claimant's "activities of daily living have not been markedly limited and she remains highly functional within familiar surroundings." Id. at 20. ALJ Olarsch noted Claimant drives locally, performs light chores, and shops in stores. Id.

With respect to Claimant's nonexertional limitations, ALJ Olarsch gave careful consideration to Claimant's subjective complaints and concluded "[a]lthough the claimant asserts that she cannot work, in light of the evidence, the restriction appears to be self-imposed." Id. at 20. ALJ Olarsch noted that Claimant testified "she is unable to work because she cannot travel long distances without experiencing a full-blown panic attack; and most of the time during these attacks, she cannot control herself and they culminate in an ER visit." Id. at 17. ALJ Olarsch also noted, however, that during Claimant's mental health treatment at Raritan Bay Mental Health

11

Center in March 2010 Claimant "described her daily anxiety in mild terms, rating it a three on a ten-point scale" and the social worker she met with at that time indicated Claimant "appeared to be appropriately involved socially with others and reported normal contact with people." Id. at 18. In sum, ALJ Olarsch concluded "[a]lthough the claimant [] appears to be highly functional in maintaining social functioning, given her nervousness and the anxiety she experiences in stressful circumstances, I have rated her as mildly limited and included only occasional contact with supervisors, coworkers, and the general public, since dealing with other people can be stressful, particularly in a work environment." Id. at 21.

At step four, ALJ Olarsch found Claimant has no past relevant work. Id. Finally, at step five, ALJ Olarsch considered Claimant's age, education, work experience, and RFC, and concluded Claimant has the ability to work in jobs that exist in significant numbers in the national economy. Id. at 21-22. ALJ Olarsch noted Claimant (1) was only 22 years old on the date she filed her application for SSI, which is defined as a younger individual; and (2) has a high school education and is able to communicate in English. Id. at 22. To determine the effect of Claimant's nonexertional limitations on her ability to work, ALJ Olarsch asked the VE whether jobs exist in the national economy for an individual with Claimant's age, education, work experience, and RFC. Id. The VE testified Claimant would be able to perform the requirements of representative occupations such as a labeler, mail clerk, and production assembler. Id. ALJ Olarsch determined the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles. In sum, ALJ Olarsch concluded Claimant is not disabled under § 1614(a)(3)(A) of the SSA. Id. at 22-23.

ii.     Analysis

Claimant argues ALJ Olarsch's decision should be reversed because (1) his step three assessment is not supported by substantial evidence, and (2) his step five assessment is not supported by substantial evidence. The Court will address each argument in turn.

Claimant argues ALJ Olarsch's step three assessment is not supported by substantial evidence because "the consideration of whether [Claimant] was presumptively disabled under paragraph 12.06 is conducted in a cursory manner relying heavily on announcements rather than findings." Pl. Br. at 23. The Court finds ALJ Olarsch's step three assessment is supported by substantial evidence.

The Listings considered at step three describe impairments the Commissioner considers severe enough to prevent an individual from doing any gainful activity, regardless of age, education, or work experience. 20 C.F.R. § 416.925(a). The Listings describe impairments giving rise to presumptive disability, i.e., if an individual meets a listing, she is considered to be disabled without consideration of whether she can perform work activity. Id. § 416.920(a)(4)(iii); Sullivan v. Zebley, 493 U.S. 521, 532 (1990) (citations omitted). To be found presumptively disabled, a claimant must show <u>all</u> of the criteria for a listing have been met. 20 C.F.R. 416.925(c)(3); Zebley, 493 U.S. at 530.

To meet listing 12.06, which deals with anxiety-related disorders, a claimant must show the requirements in both "paragraph A" and "paragraph B" are satisfied, or the requirements in both "paragraph A" and "paragraph C" are satisfied. ALJ Olarsch concluded neither the "paragraph B" nor "paragraph C" requirements were satisfied. With respect to the "paragraph B" criteria, ALJ Olarsch found (1) Claimant has no restriction in activities of daily living;

(2) Claimant has only mild difficulties in maintaining social functioning; (3) Claimant has, at most, moderate difficulties in maintaining concentration, persistence, or pace; and (4) Claimant has not experienced any episode of decompensation of extended duration. Tr. at 15. With respect to the "paragraph C" criteria, ALJ Olarsch found Claimant is able to travel independently locally, Claimant drives around the town she lives, and Claimant attends doctor appointments on her own. Id. at 16.

Claimant's argument that ALJ Olarsch failed to discuss the "paragraph A" criteria is without merit because to establish presumptive disability, Claimant must show all of the criteria of listing 12.06 are met. As discussed above, to meet listing 12.06, a claimant must show the requirements in both "paragraph A" and "paragraph B" are satisfied, or the requirements in both "paragraph A" and "paragraph C" are satisfied. ALJ Olarsch found that neither the requirements in "paragraph B" nor "paragraph C" were met. Therefore, regardless of whether ALJ Olarsch found that the "paragraph A" criteria were met, Claimant could not satisfy listing 12.06.

Additionally, Claimant's argument that ALJ Olarsch's discussion of the "paragraph B" criteria was conclusory is without merit. In his discussion of the "paragraph B" criteria, ALJ Olarsch makes references to his step five RFC analysis. Id at 15. In that analysis, in addressing activities of daily living, ALJ Olarsch noted Claimant was capable of managing her self-care, preparing her own meals and performing other household chores, venturing out daily, attending doctor's appointments independently, and shopping in stores. Id. at 20. In addressing social functioning, ALJ Olarsch noted Claimant socialized often, attended church weekly, shared a strong relationship with her family, and had many friends with whom she socialized. Id. at 21. ALJ Olarsch also referenced the treatment notes of Claimant's treating psychiatrist. Id. at 15, 21.

In addressing concentration, persistence, and pace, ALJ Olarsch noted Claimant testified articulately and responded well to questioning. Id. at 21. ALJ Olarsch also referenced the treatment notes of Claimant's treating psychiatrist. Id. at 15, 21. In sum, the Court finds Claimant did not prove that she met either the "paragraph B" or "paragraph C" criteria and, therefore, the requirements of listing 12.06 were not met. ALJ Olarsch's step three assessment is supported by substantial evidence.

Claimant also argues ALJ Olarsch's step five RFC assessment is not supported by substantial evidence. Claimant complains that ALJ Olarsch did not explain why Claimant would require one absence per month and did not disclose what evidence he relied on to determine Claimant could remain on task for 51 minutes per hour. Pl. Br. at 28. Claimant also complains the hypothetical questions posed to the VE did not reasonably convey the extent of Claimant's nonexertional limitations. Id. at 34. The Court finds ALJ Olarsch's step five assessment is supported by substantial evidence.

An ALJ assesses a claimant's RFC based on all relevant evidence in the record. 20 C.F.R. §§ 416.945(a)(1); 416.946(c). Here, ALJ Olarsch's RFC assessment accounted for Claimant's credibly supported functional limitations. Tr. at 16-21. In discussing Claimant's functioning from a physical perspective, ALJ Olarsch noted Claimant acknowledged at the hearing her kidney has been doing well since a transplant in 2000. Id. at 17. Claimant also denied having problems with being tired, fatigued, or weak; and with standing and walking. Id. ALJ Olarsch noted, however, Claimant stated could not lift more than 15 pounds with her right hand because doing so would have an adverse effect on her kidney. Id. ALJ Olarsch disregarded the opinion evidence of the state agency physical consultants, who found that

15

Claimant has no exertional limitations and credited Claimant's testimony regarding the strain on her surgical sight with heavy lifting. Id. at 21.

In discussing her mental impairments, ALJ Olarsch noted Claimant's panic attacks were intermittent and predictable. Id. at 17. At the hearing, Claimant stated she had not had a panic attack in several months. Id. at 20. Claimant also denied that interacting with people other than her family caused panic attacks. Id. at 17. ALJ Olarsch mentioned Claimant's ability to care for herself independently and remain active, socialize, and maintain concentration, persistence, and pace. Id. at 20-21. ALJ Olarsch gave little weight to the opinion evidence of the state agency psychological consultants, who found that Claimant's mental impairments were non-severe and credited Claimant's testimony regarding her nonexertional limitations. Id. at 21. As such, ALJ Olarsch's step five assessment is supported by substantial evidence.

Further, the hypothetical questions posed to the VE reasonably conveyed Claimant's mental limitations. Id. at 127-36. Hypothetical questions posed by the ALJ to the vocational expert must accurately portray a claimant's physical and mental impairments. Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). The questions, however, only need to reflect impairments that are credibly established by the record. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, ALJ Olarsch limited Claimant to simple, routine, repetitive tasks; simple work-related decisions; few workplace changes; and occasional interaction with supervisors, coworkers, and the general public. Tr. at 127. ALJ Olarsch's findings with respect to Claimant's limitations were supported by substantial evidence. The VE testified that there were jobs existing in the national economy for an individual with these limitations. Id. at 127-

36. As such, the hypothetical questions posed to the VE accurately portrayed Claimant's impairments.

V.      **CONCLUSION**

For the foregoing reasons, the Court will affirm ALJ Olarsch's decision. An appropriate order accompanies this Opinion.

DATED: June __27__, 2016

_____
**CLAIRE C. CECCHI, U.S.D.J.**